IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | CASE NO.: 5:17-cr-12 |
| TANYA JOHNSON, | |
| Defendant. | |

**ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Presently before the Court is the Government's Motion for Revocation of Defendant Tanya Johnson's ("Johnson") Pre-Trial Release. (Sealed Doc. 479.) The Court conducted a hearing on this matter on March 27, 2018, pursuant to 18 U.S.C. § 3148. For the reasons set forth on the record at this hearing and supplemented below, the Court **GRANTS** the Government's Motion, **REVOKES** Johnson's pretrial release, and orders that Johnson shall remain **DETAINED** until the resolution of the criminal proceedings against her or otherwise determined by the Court. The undersigned **RECOMMENDS** that the appearance bond in the amount of $30,000 be **FORFEITED**, but that the entire $30,000 be **SET ASIDE** pursuant to Fed. R. Crim. P. 46(f)(2), and the Bond should be otherwise **EXONERATED**.[1]

**BACKGROUND**

In this action, Defendant is charged with conspiracy to possess with intent to distribute and to distribute controlled substances, in violation of 21 U.S.C. § 846; and possession with

---

[1] The authority of a Magistrate Judge to issue a final order regarding forfeiture of a bond is not settled. See United States v. Balbuena, No. 8:08-CR-271-T-27TGW, 2009 WL 87413, at *1 (M.D. Fla. Jan. 13, 2009). Accordingly, on the issue of forfeiture, a Report and Recommendation is being issued rather than an Order.

intent to distribute methamphetamine, in violation of 21 U.S.C. § 841.  (Doc. 145.)  On August 23, 2017, the Court entered an Order setting the conditions of Johnson's pretrial release. (Doc. 111.)  That Order set an Appearance bond in the amount of $30,000 to be secured by a solvent surety.  (Id. at p. 1.)  The Court also ordered, in relevant part, that Defendant: not use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.  (Id. at p. 2.)  On this same date, Johnson signed an Appearance Bond and agreed to "comply with all conditions set forth in the Order Setting Conditions of Release."  (Doc. 112, p. 1.)  The Bond made it clear that, if Defendant did not fulfill that agreement, the bond and any security would be forfeited and the Court could "order a judgment of forfeiture against the defendant and each surety for the entire amount of the bond, including interests and costs."  (Id.)  Johnson's bond was secured by Donna S. Miller, as a third party surety.  (Id. at p. 2.)

I.  **Alleged Violations of Pretrial Release**

In the Government's petition, the United States Probation Office alleged Johnson violated the above-referenced condition of supervision.  Specifically, Officer Fonda Dixon alleged that on March 15, 2018, Ms. Johnson reported for a urinalysis and provided a urine specimen that tested positive for methamphetamine.  (Sealed Doc. 479.)  Johnson admitted that she used methamphetamine on March 9, 2018, and Johnson signed an Admission of Drug Use Form.  (Id.)

Johnson was subsequently arrested and an initial appearance was held on March 22, 2018. (Doc. 490.)  Additionally, a bond revocation hearing was held the following week on March 27, 2018.  (Doc. 493.)  Defendant was given prior notice of the bond revocation hearing and its purpose and of the alleged violation.  She appeared at said hearing with counsel and was afforded the opportunity to call witnesses and present evidence on her own behalf.  After

consultation with counsel, Defendant Johnson stipulated that she violated the conditions of her pretrial release as alleged in the Petition.

The Court finds by clear and convincing evidence that Johnson violated the conditions of release previously imposed by the Court. 18 U.S.C. § 3148(b)(1)(a). Johnson is addicted to, or abuses, mood-altering chemicals and is likely to continue such conduct and violate the law if permitted to remain on pretrial release. Additionally, Johnson will not likely comply with conditions which restrict Johnson's travel, personal contacts, and possession of drugs, alcohol, and/or firearms, require reporting, education, employment, or treatment, or monitor Johnson's movements or conduct; or any combination of these conditions or others currently proposed or available (see 18 U.S.C. § 3142(c)), and such conditions will not sufficiently ameliorate the risks posed if Johnson is allowed to continue pretrial release. Accordingly, the Court hereby **REVOKES** Johnson's bond.

Johnson is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal, including her co-Defendants in this case. Johnson must be afforded a reasonable opportunity to consult privately with defense counsel. On order of the United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver Johnson to the United States Marshal for a court appearance.

## II.    Forfeiture

Having found that a condition of the Appearance Bond has been breached, pursuant to Federal Rule of Criminal Procedure 46(f)(1), the Court "must declare the bail forfeited." Fed. R. Crim. P. 46(f)(1). Forfeiture is triggered not just by a failure to appear but also by violations of

other conditions.  Brown v. United States, 410 F.2d 212, 218 (5th Cir. 1969).[2]  Additionally, forfeiture results in liability not just as to the defendant but also as to any surety on the bond.  See United States v. Vaccaro, 51 F.3d 189, 193 (9th Cir. 1995) (holding defendant and surety jointly and severally liable for forfeiture); United States v. Balbuena, No. 8:08-CR-271-T-27TGW, 2009 WL 87413, at *1 (M.D. Fla. Jan. 13, 2009).  As described above, Johnson has breached the express conditions of her release, and, therefore, her bond must be forfeited.

However, under Federal Rule of Criminal Procedure 46(f)(2), the Court may set aside a forfeiture in whole or in part if "it appears that justice does not require bail forfeiture."  Fed. R. Crim. P. 46(f)(2).  Rule 46(f)(1) combines with Rule 46(f)(2) and (f)(4) to give district courts "virtually unbridled discretion" in remitting bond forfeiture.  United States v. Gonzalez, 452 F. App'x 844, 845 (11th Cir. 2011).  Factors that courts consider when assessing whether to set aside all or a portion of a forfeiture include: the defendant's willfulness in breaching release conditions; the amount of delay caused by the defendant's default; the surety's participation; the cost, inconvenience, and prejudice suffered as a result of the breach; any mitigating factors offered by the defendant; and whether the surety is a professional as opposed to a family member or friend.  See United States v. Diaz, 811 F.2d 1412, 1415 (11th Cir. 1987); see also United States v. Nguyen, 279 F.3d 1112, 1115–16 (9th Cir. 2002).

Justice requires setting aside all of the forfeiture in this case.  Johnson's willfulness and immediacy in breaching the conditions of her Bond cannot be overstated.  In addition, while Johnson's breach did not cause delay in the trial of this case, it resulted in cost and inconvenience to the Court and the Government.  Nevertheless, Johnson appeared contrite for her violation at the hearings and saved the Government and the Court time and resources by

---

[2] The Eleventh Circuit Court of Appeals has adopted as binding decisions issued by the former Fifth Circuit Court of Appeals prior to September 30, 1981.  Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1210 (11th Cir. 1981).

stipulating to her violation. Counsel for Johnson provided several mitigating factors at the hearing. These factors include Johnson's: candor to the probation officer regarding her violation; work history; and struggle with drug addiction. Further, the surety Donna S. Miller does not appear to be responsible for Johnson's violations of her pretrial release conditions, and there is no evidence that she participated in Johnson's admitted violations.

## CONCLUSION

The Court **GRANTS** the Government's Motion, **REVOKES** Johnson's pretrial release, and orders that Johnson shall remain **DETAINED** until the resolution of the criminal proceedings against her or otherwise determined by the Court.

In light of the foregoing and the evidence received at the hearing, I **RECOMMEND** that the appearance bond in the amount of $30,000 be **FORFEITED**, but that the entire $30,000 be **SET ASIDE** pursuant to Fed. R. Crim. P. 46(f)(2), and the Bond should be otherwise **EXONERATED**.[3]

The Court **ORDERS** any party seeking to object to this Order and Report and Recommendation to file specific written objections within fourteen (14) days of the date on which this Order and Report and Recommendation is entered. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions herein. See Thomas v. Arn, 474 U.S. 140, 155 (1985).

If the Court receives any timely objections to the Order that Defendant be detained pending trial, a district judge will review such objections and will modify or set aside a part of the Order only if it is contrary to law or clearly erroneous. Fed. R. Crim. P. 59(a). If the Court

---

[3] The authority of a Magistrate Judge to issue a final order regarding forfeiture of a bond is not settled. See United States v. Balbuena, No. 8:08-CR-271-T-27TGW, 2009 WL 87413, at *1 (M.D. Fla. Jan. 13, 2009). Accordingly, on the issue of forfeiture, a Report and Recommendation is being issued rather than an Order.

receives any timely objections to the Report and Recommendation regarding forfeiture, a district judge will consider such objections and, upon a de novo review of the record, may accept, reject, or modify, in whole or in part, the findings or recommendations herein.  28 U.S.C. § 636(b)(1)(C); Fed. R. Crim. P. 59(b).  Objections not meeting the timeliness and specificity requirements set out above will not be considered by a district judge.

The Court **DIRECTS** the Clerk of Court to serve a copy of this Order and Report and Recommendation upon all parties and upon the surety, Donna S. Miller.

**SO ORDERED** and **REPORTED AND RECOMMENDED**, this 11th day of April, 2018.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA